**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MICKEY C. DAVIS,**

                **Plaintiff,**

      **v.**                              **5:03-CV-328**
                                          **(FJS/DEP)**

**YELLOW FREIGHT SYSTEMS, INC.,**

                **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**OFFICE OF GEORGE S.**          **GEORGE S. MEHALLOW, ESQ.**
**MEHALLOW**
2700 Bellevue Avenue
Syracuse, New York 13219
Attorneys for Plaintiff

**COZEN O'CONNOR, P.C.**          **DEBRA S. FRIEDMAN, ESQ.**
1900 Market Street
3rd Floor
Philadelphia, Pennsylvania 19103
Attorneys for Defendant

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On March 17, 2003, Plaintiff, a black male and former "casual employee" of Defendant, filed this action against Defendant, pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and New York Executive Law § 296, alleging race discrimination. Specifically, Plaintiff asserted that Defendant discriminated against him on the basis of race when it refused him work opportunities, granted white workers preferential casual status ahead of him, and terminated his

employment.

In October 2003, Plaintiff's initial counsel, Stephen Berg, withdrew from this case after acknowledging that Plaintiff had no evidence to support his claims. Prior to Mr. Berg's withdrawal, Defendant had notified him that it would be seeking an award of attorney's fees and costs against Plaintiff if he did not voluntarily withdraw his complaint.

On March 31, 2004, this Court approved the entry of appearance of George Mehallow as Plaintiff's counsel. Defendant wrote Mr. Mehallow notifying him that Plaintiff's claims were frivolous and that Plaintiff's Rule 26 disclosures were inadequate. Specifically, Defendant pointed out that Plaintiff claimed to have no documents, data compilations, or tangible things in his possession to support his claims.

In addition, Defendant wrote to Mr. Mehallow on June 2, 2004, July 2, 2004, and August 16, 2004, advising him to withdraw Plaintiff's complaint on the basis that he had failed to present any evidence that supported his claims.

On October 14, 2004, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims in their entirety. On January 24, 2005, this Court granted Defendant's motion for summary judgment and dismissed Plaintiff's claims, with prejudice, in their entirety. On February 18, 2005, Plaintiff filed a Notice of Appeal.

Currently before the Court is Defendant's motion, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, for attorney's fees and costs arising from the defense of this action.

## II. DISCUSSION

**A.   Attorney's fees under Title VII**

Title VII permits "a district court . . . in its discretion [to] award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421 (1978).  In the present case, the Court granted Defendant's motion for summary judgment in its entirety and, therefore, there is no dispute that Defendant is the prevailing party.

Defendant asserts that Plaintiff's claims were meritless and frivolous and, therefore, it is entitled to an award of attorney's fees and costs.  In support of its motion, Defendant notes that Plaintiff's first attorney withdrew as counsel because he did not think Plaintiff's claims had merit to continue.  In addition, Defendant argues that it wrote Plaintiff's present attorney several times stating that his client's claims lacked merit.  Although it is significant that these events occurred, they are not sufficient to establish that a claim is meritless.  One attorney's opinion that a claim has no merit does not mean that another attorney cannot find merit in the same claim.

Nonetheless, when looking at the record, as this Court did when deciding Defendant's motion for summary judgment, it is clear that Plaintiff, other than his own personal assertions, had no proof prior to filing his complaint to support his claims.  Moreover, Plaintiff was unable to uncover any such proof during the course of discovery and, therefore, was unable to establish any element of a *prima facie* case of discrimination.  Thus, the Court must conclude that his

claims were meritless.[1] Accordingly, the Court grants Defendant's motion for attorney's fees and costs pursuant to Title VII as against Plaintiff.[2]

### B. Calculation of attorney's fees

To calculate attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the burden of

---

[1] In the Court's Memorandum-Decision and Order granting Defendant's motion for summary judgement, the Court observed that Plaintiff's "lawsuit borders on the frivolous." *See* Dkt. No. 29 at 8.

[2] Defendant additionally argues that Plaintiff's attorney should be liable for attorney's fees and costs under § 1927. A court may require an attorney to pay attorney's fees and costs if he "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. However, in order "[t]o impose sanctions under [§ 1927], the trial court must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v. Paramount Communications Inc.,* 114 F.3d 395, 398 (2d Cir. 1997) (citations omitted). "'[A]n award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" *United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991) (quotation omitted).

In the present case, Plaintiff's claims were entirely meritless because Plaintiff failed to present any evidence, other than his personal assertions, that Defendant granted white employees preferential casual status ahead of him. In addition, Plaintiff's attorney improperly attempted to withdraw Plaintiff's New York Human Rights claim and never corrected the error even after Magistrate Judge Peebles advised him of the proper process. Although these actions led to Defendant having to expend extra time and work to include the New York Human Rights claim in its motion for summary judgment, such extra work was minimal. In addition, because the Court warned Plaintiff's attorney in its prior Memorandum-Decision and Order that *future* frivolous actions would result in the imposition of sanctions against him, it would be unfair for the Court to impose sanctions against him at this time for any of the claims he pursued in this action on Plaintiff's behalf. Accordingly, the Court finds that Plaintiff's attorney is not liable for Defendant's attorney's fees and costs under § 1927.

establishing the appropriate hourly rate and documenting the time reasonably expended. *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

The reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984). In this context, the "prevailing community" is the district where the court sits. *Luciano,* 109 F.3d at 115 (quotation omitted).

Courts in this District have held that the prevailing rates are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years of experience, $100 per hour for attorneys with less than four years experience, and $65 per hour for the work of paralegals. *See I.B.E. W. Local No. 910 Welfare, Annuity, & Pension Funds v. Dexelectrics, Inc.,* 98 F. Supp. 2d 265, 275 (N.D.N.Y. 2000) (citations and footnote omitted); *see also, e.g., Patterson v. Julian,* 250 F. Supp. 2d 36, 45 (N.D.N.Y. 2003), *affirmed in part, reversed in part on other grounds and removed,* 370 F.3d 322 (2d Cir. 2004) (citations omitted).

At this time, Defendant has not submitted any documents setting forth the exact costs and attorney's fees that it has expended in this action. Therefore, the Court orders Defendant to file contemporaneous time records detailing the costs and attorney's fees that it has incurred defending this action within **thirty days** of the date of this Memorandum-Decision and Order and directs Plaintiff to file any objections he has to Defendant's submissions within **twenty days** of the filing of those submissions. Once it is in receipt of the parties' papers, the Court will determine the appropriate amount of the award on submission.

### III.  CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Title VII, for reasonable attorney's fees and costs as against Plaintiff is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion, pursuant to 28 U.S.C. § 1927, for reasonable attorney's fees and costs as against Plaintiff's attorney is **DENIED**; and the Court further

**ORDERS** that Defendant file contemporaneous time records detailing the costs and attorney's fees that it has incurred in defense of Plaintiff's claims within **thirty days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** Plaintiff to file any objections he has to Defendant's submissions within **twenty days** of the date of the filing of those submissions.

**IT IS SO ORDERED.**

Dated: June 8, 2005
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge