UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICKEY C. DAVIS,

                                      Plaintiff,

                v.                                                5:03-CV-328
                                                                                 (FJS/DEP)
YELLOW FREIGHT SYSTEMS, INC.,
a/k/a Yellow Corporation,

                                      Defendant.
_____

**APPEARANCES**                                              **OF COUNSEL**

**OFFICE OF GEORGE S. MEHALLOW**        **GEORGE S. MEHALLOW, ESQ.**
2700 Bellevue Avenue
Syracuse, New York 13219
Attorneys for Plaintiff

**COZEN O'CONNOR**                                **DEBRA S. FRIEDMAN, ESQ.**
The Atrium                                                 **JEFFREY I. PASEK, ESQ.**
1900 Market Street, 3rd Floor
Philadelphia, Pennsylvania 19103
Attorneys for Defendant

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Defendant's counsel's contemporaneous time records detailing the costs and attorney's fees that Defendant incurred in defense of Plaintiff's claims and Plaintiff's objections to Defendant's attorney's fees application.

## II. BACKGROUND

On March 17, 2003, Plaintiff filed this action against Defendant, pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and New York Executive Law § 296, claiming that Defendant had discriminated against him on the basis of his race when it refused him work opportunities, granted white workers preferential casual status ahead of him, and terminated his employment.

By Stipulated Request and Order, filed November 17, 2003, Plaintiff's then-counsel Stefan Berg withdrew as counsel after acknowledging that Plaintiff had no evidence to support his claims. Prior to Mr. Berg's withdrawal, Defendant's counsel had notified him that it would seek an award of attorney's fees and costs against Plaintiff if he did not voluntarily withdraw his complaint.

On March 31, 2004, Magistrate Judge Peebles signed an Order/Consent to Change Attorney, pursuant to which George Mehallow was substituted as Plaintiff's counsel. Defendant's counsel wrote to Mr. Mehallow notifying him that Plaintiff's claim was frivolous and that Plaintiff's Rule 26 disclosures were inadequate. Specifically, Defendant's counsel pointed out that Plaintiff claimed to have no documents, data compilations, or tangible things in his possession to support his claim. Subsequently, on June 2, 2004, July 2, 2004, and August 16, 2004, Defendant's counsel wrote to Mr. Mehallow, advising him to withdraw Plaintiff's complaint because Plaintiff had failed to present any evidence to support his claim.

On October 14, 2004, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's complaint in its entirety, *see* Dkt. No. 24, which Plaintiff opposed, *see* Dkt. No. 26. By Memorandum-Decision and Order dated January 24, 2005, this Court granted Defendant's

motion, *see* Dkt. No. 29, and entered judgment in favor of Defendant, *see* Dkt. No. 30. On February 18, 2005, Plaintiff filed a Notice of Appeal from that Judgment. *See* Dkt. No. 33.

On February 7, 2005, Defendant filed a motion to recover the attorney's fees and costs that it had incurred in the defense of this action. *See* Dkt. No. 31. In a Memorandum-Decision and Order dated June 8, 2005, this Court granted Defendant's motion pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Title VII and ordered Defendant to file the contemporaneous records of the time that its attorneys had expended in this litigation. *See* Dkt. No. 41. In addition, the Court afforded Plaintiff the opportunity to file any objections he had to Defendant's attorney's fees application. *See id.*

The Court has reviewed the parties' submissions in support of, and in opposition to, Defendant's attorney's fees application and the following constitutes its written decision with respect to that application.

### III. DISCUSSION

To calculate an award of attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the burden of establishing the appropriate hourly rate and documenting the time reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this context, the reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Moreover, the "prevailing

community" is "'the district in which the court sits.'" *Luciano*, 109 F.3d at 115 (quotation omitted).

Courts in this District have held that the prevailing rates are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years experience, $100 per hour for attorneys with less than four years experience, and $65 per hour for paralegals. *See I.B.E.W. Local No. 910 Welfare, Annuity & Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 275 (N.D.N.Y. 2000) (citations and footnote omitted).

Three individuals worked on this case on Defendant's behalf: (1) Jeffrey I. Pasek, Esq., an experienced attorney; (2) Debra Friedman, Esq., an experienced attorney; and (3) Rachel Hanoufa, a paralegal. Below are the Court's calculations of the attorney's and paralegal fees associated with the work that these individuals performed using the appropriate hourly rates.

| Attorney/Paralegal | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Jeffrey I. Pasek, Esq. | 68.1 | $175.00 | $11,917.50 |
| Debra Friedman, Esq. | 98.3 | $175.00 | $17,202.50 |
|  | 4.0 | $87.50[1] | $350.00 |
| Rachel Hanoufa | 9.6 | $65.00 | $624.00 |

Multiplying the appropriate hourly rates by the hours of work expended on this litigation, the Court concludes that Defendant is entitled to an award of **$30,094.00** in attorney's fees.

Defendant is also entitled to recover the costs associated with its defense of this litigation, including telephone calls, facsimile transmissions, copying costs, and postage costs. According

---

[1] In this District, the hourly rate for an attorney's travel time is 50% of that attorney's hourly rate for legal work. *See Funk v. F & K Supply, Inc.*, 43 F. Supp. 2d 205, 230 (N.D.N.Y. 1999) (citations omitted).

to its submissions, Defendant has expended **$1,898.87** on such items.[2]

## IV. CONCLUSION

Accordingly, after reviewing the parties' submissions, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Clerk of the Court amend the judgment in this case to reflect an award of attorney's fees and costs to Defendant in the amount of **$31,992.87** as calculated herein.

**IT IS SO ORDERED.**

Dated: August 31, 2005
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

[2] Plaintiff raises several objections to Defendant's application for attorney's fees. The Court has reviewed these objections and finds that, in light of the record in this case, they are without merit.